731 S.E.2d 285

**In the Matter of Robert E. HEMINGWAY, Sr., Respondent.**

**No. 27152.**
**No. 2012–212194**

Supreme Court of South Carolina.

Submitted June 25, 2012.
Decided Aug. 1, 2012.
Rehearing Denied Sept. 10, 2012.

Lesley M. Coggiola, Disciplinary Counsel, and Charlie Tex Davis, Jr., Senior Assistant Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Robert E. Hemingway, Sr., of Columbia, pro se.

PER CURIAM.

In this attorney disciplinary matter, the Office of Disciplinary Counsel (ODC) and respondent have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413 of the South Carolina Appellate Court Rules (SCACR). In the Agreement, respondent admits misconduct and consents to the imposition of any sanction in Rule 7(b), RLDE. Respondent requests that any suspension or disbarment be imposed retroactively to January 10, 2006, the date of his interim suspension. *In the Matter of Hemingway*, 367 S.C. 278, 625 S.E.2d 641 (2006). Respondent further agrees to enter into a restitution agreement with the Commission on Lawyer Conduct (the Commission) within thirty (30) days of the imposition of discipline to reimburse those harmed as a result of his misconduct. We accept the Agreement and disbar respondent from the practice of law and order that he enter into a restitution agreement as stated hereafter. The facts, as set forth in the Agreement, are as follows.

### *Facts*

### *Matter I*

Around January 2002, respondent was retained to represent clients who had been injured in an automobile accident. The clients received medical care from Complainant A, a chiropractic clinic. Respondent had notice of and agreed to protect Complainant A's lien.

Complainant A began contacting respondent around January 2004 to obtain payments for services rendered. Complainant A and respondent exchanged several messages over the next several months during which respondent promised to send payment to Complainant A. Respondent did not pay the full amount of the invoice until on or about November 15, 2004.

During the investigation of this matter respondent admitted he had not been performing monthly reconciliations of his trust accounts as required by Rule 417, SCACR.

## Matter II

Respondent represented a client who had been injured in an automobile accident. Respondent's client was paid insurance benefits by National Union Fire Insurance Companies of Pittsburgh. Complainant B acted as a third party administrator of the company's claims. Respondent was aware Complainant B was entitled to reimbursement for any benefits paid to his client if a third party was held liable for the accident.

On two separate occasions, Complainant B notified respondent in writing that it expected to be reimbursed $2,648.60 for benefits paid to respondent's client. Respondent disbursed all settlement monies to his client without protecting the financial interests of Complainant B.

## Matter III

Respondent's mother passed away in June 2001. Respondent was appointed Personal Representative of the Estate on July 20, 2001. Respondent admits he did not properly disburse the Estate funds and did not ensure the Estate was closed in a timely manner.

Complainant C, a probate court judge, was assigned to hear the matter dealing with the Estate of Respondent's Mother. On June 21, 2005, on a Rule to Show Cause for dereliction of duties, Complainant C ordered respondent to file the Estate's closing documents within thirty (30) days. On October 10, 2005, on a Summons to Show Cause for dereliction of duties, Complainant C held respondent in contempt of court, imposed a fine of $250.00, and ordered respondent to fulfill all of his duties as Personal Representative of the Estate and to file any and all documents necessary to close the Estate within thirty (30) days. On February 13, 2006, on a demand for a hearing on the closing of the Estate, Complainant C ordered respondent to provide the Court and the heirs with written verification of the date of death balances of the decedent's accounts, to provide the Court with written verification by cancelled check or release/satisfaction of the payment and amount of

payment of the creditor claims, to recover from appropriate third parties certain expenses paid by the Estate on behalf of the third parties, and to file an amended Inventory and Appraisement and amended Final Accounting of the Estate.

On June 30, 2006, respondent had not complied with the Court's June 21, 2005, October 10, 2005, and February 13, 2006, orders and, therefore, Complainant C issued a Summons to Show Cause for respondent's dereliction of duties. At the hearing on July 31, 2006, respondent's attorney offered respondent's resignation as fiduciary based upon medical reasons and requested an additional thirty (30) days in which to obtain and provide the Court and the heirs with the items ordered during the February 13, 2006, hearing.

On August 2, 2006, Complainant C found respondent to be in contempt of court for failing to timely conclude the Estate and failure to comply with the Court's previous orders. The Court gave respondent ten (10) days to file the previously ordered documents. In addition, Complainant C removed respondent as Personal Representative of the Estate for cause. The Court appointed two of respondent's siblings as Co–Personal Representatives.

On September 25, 2006, Complainant C issued a Bench Warrant for Incarceration for respondent for his failure to provide the court-ordered documents dealing with the Estate. The warrant required that respondent be imprisoned for thirty (30) days or until he provided the requested Estate documents. Respondent provided the Court with all requested documents and the Estate was closed.

### Matter IV

Complainant D retained respondent to represent her in relation to injuries she suffered in two automobile accidents. Respondent received $71,337.59 to settle Complainant D's cases.

Respondent admits he never disbursed the monies to Complainant D and cannot account for the monies owed to Complainant D. Respondent acknowledges that he failed to notify Complainant D after he was placed on interim suspension. In addition, he misplaced Complainant D's file and was unable to

provide the file to the attorney appointed to protect his clients' interests.

Complainant D filed a claim with the Lawyers' Fund for Client Protection (the Lawyers' Fund). On December 19, 2008, the Lawyers' Fund paid Complainant D $40,000.00, the maximum amount allowed. *See* Rule 411, SCACR.

### Matter V

On January 10, 2006, the Court placed respondent on interim suspension. *In the Matter of Hemingway, id.* On or about June 22, 2006, respondent accepted $1,500.00 from Complainant E as a retainer fee for a case he wished respondent to handle. Complainant E filed a claim with the Lawyers' Fund and was awarded $1,500.00.

### Law

Respondent admits that by his conduct he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to client); Rule 1.15 (lawyer shall promptly deliver to client or third person any funds or other property client or third person is entitled to receive); Rule 5.5 (lawyer shall not practice law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction); Rule 8.4(d) (it is professional misconduct for lawyer to engage in conduct involving dishonesty, fraud, deceit or misrepresentation); and Rule 8.4(e) (it is professional misconduct for lawyer to engage in conduct that is prejudicial to the administration of justice). Respondent further admits he violated Rule 417, SCACR. Respondent also admits he has violated the following Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be ground for discipline for a lawyer to violate Rules of Professional Conduct or any other rules of this jurisdiction regarding professional conduct of lawyers); Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(7) (it shall be ground for discipline for lawyer to willfully violate a valid court order issued by a court of this state).

## *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state, retroactive to the date of his interim suspension. Within thirty (30) days of the date of this opinion, respondent shall enter into a restitution agreement with the Commission agreeing to reimburse those harmed by his conduct as follows: 1) $2,648.60 to Complainant B; 2) $31,337.59 to Complainant D; and 3) $55,400.00 to the Lawyers' Fund. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., PLEICONES, BEATTY, KITTREDGE and HEARN, JJ., concur.